IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LUIS LEBRON, | * |
| | * |
|     PLAINTIFF, | * |
| | * |
| V. | *   CASE NO. 4:18-CV-03935 |
| | * |
| THE BOEING COMPANY EMPLOYEE | * |
| HEALTH AND WELFARE PLAN, | * |
| NATIONAL UNION FIRE INSURANCE | * |
| COMPANY OF PITTSBURG, PA, AND | * |
| AIG CLAIMS, INC. | * |
| | * |
|     DEFENDANTS. | * |

# COMPLAINT

Plaintiff, Luis Lebron ("Luis"), through undersigned counsel, for his Complaint against defendants, The Boeing Company Employee Health and Welfare Plan, National Fire Insurance Company of Pittsburg, PA, and AIG Claims, Inc., alleges as follows:

## PARTIES

1. Luis maintains a primary residence and is domiciled in Seabrook, Harris County, Texas, and is a citizen of the State of Texas within the meaning and intent of 28 U.S.C. § 1332.

2. The Boeing Company Employee Health and Welfare Plan ("The Plan") is a an employee benefits plan that maintains its principal place of business in Chicago, Illinois, and is a citizen of the State of Illinois within the meaning and intent of 28 U.S.C. § 1332. The Plan is a welfare benefit plan that provides disability, life insurance, and accidental death and dismemberment insurance ("AD&D") to employees of The Boeing Company.

1

3.      National Fire Insurance Company of Pittsburg, PA ("NUFIC") is a corporation organized and existing under the laws of the State of Pennsylvania and is licensed by the Texas Department of Insurance to do business in Texas. Its principal office is located at 175 Water Street, 18th Floor, New York, New York 10038. National Union is a citizen of the State of Pennsylvania within the meaning and intent of 28 U.S.C. § 1332. National Union is an insurer that underwrites accidental death and dismemberment insurance ("AD&D") and acts as the service representative for The Plan.

4.      AIG Claims, Inc. ("AIG"), is a corporation organized under the laws of the State of Delaware that maintains its principal place of business in New York, New York, and is a citizen of the State of New York within the meaning and intent of 28 U.S.C. § 1332.  AIG evaluated Plaintiff's claim for accidental death and dismemberment insurance benefits under The Plan as the claims administrator for NUFIC.

## JURISDICTION AND VENUE

5.      This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001. The Court has jurisdiction over this case pursuant to 28 U.S.C. §1331, in that this action arises under the laws of the United States. Specifically, Luis brings this action to enforce his rights under ERISA as authorized by 29 U.S.C. §1132(a)(1)(B).

6.      Pursuant to 29 U.S.C. §1132(e)(2), venue is proper in this judicial district as AIG breached the promise to pay benefits owed to Luis in this judicial district.

## FACTUAL ALLEGATIONS

7.      The Boeing Company established the Plan which offers AD&D insurance to eligible participants.

8. At all times material hereto, Luis was an eligible participant in the Plan who elected AD&D coverage in the amount of $250,000 insuring his spouse, Barbara Lebron ("Barbara").

9. Luis was the designated primary beneficiary of Barbara's AD&D coverage.

10. All premiums for the elected coverage were paid through Barbara's date of death on December 11, 2017, when she was found deceased from injuries sustained as a result of an accident.

11. Barbara's death was ruled an accident by the Harris County Chief Medical Examiner.

12. Following Barbara's death, Luis submitted a claim for AD&D benefits to the Plan and NUFIC through AIG.

13. The Plan, NUFIC, and AIG denied Luis' AD&D claim on January 19, 2018.

14. On May 4, 2018, Luis appealed the denial decision.

15. On June 11, 2018, the Plan, NUFIC, and AIG denied the appeal.

16. An ERISA claimant's administrative remedies are "deemed exhausted" once all rights to appeal under the Plan have been exhausted, so the claimant may then file a civil action. 29 C.F.R. § 2560.503-1.

17. Accordingly, due to AIG's denial of Luis' appeal, Luis' administrative remedies are deemed exhausted, and his claim is ripe for litigation.

### CLAIM FOR RELIEF FOR ERISA BENEFITS, PREJUDGEMENT AND POSTJUDGEMENT INTEREST, ATTORNEYS' FEES AND COSTS
### (29 U.S.C. § 1132(a)(1)(B))

18. Luis incorporates by reference all preceding paragraphs 1 through 17 as though fully set forth herein.

19. Luis performed all obligations on his part to be performed pursuant to the terms of the Plan.

20. The denial of Luis' claim for AD&D benefits under the Plan was an improper abuse of discretion, in that Luis paid all necessary premiums through the date of Barbara's death, and the Plan, NUFIC, and AIG have ignored the Death Certificate and opinions of multiple medical professionals who have concluded that the death was strictly accidental in nature.

21. As a result of the conduct and failures of the Plan, NUFIC, and AIG, Luis been denied the AD&D benefits, and has been damaged in the amount of the unpaid insurance proceeds of at least $250,000, plus interest.

22. The Plan, NUFIC, and AIG have been unjustly enriched by retention of all premiums and retention of the AD&D benefits properly owed to Luis. The Plan, NUFIC, and AIG have also unjustly benefitted by putting itself in the position of accepting and enjoying the benefits of AD&D insurance premiums for coverage paid by or on behalf of Barbara, while purportedly retaining the right to deny any claim for benefits under the said coverage.

23. The Plan, NUFIC, and AIG have also been unjustly enriched to the extent they have realized profits on the monies they refuse to pay to Luis.

24. Luis is entitled to recover said benefits pursuant to 29 U.S.C. § 1132(a)(1)(B).

25. As a further direct and proximate result of the conduct of the Plan, NUFIC, and AIG, Luis, in pursuing this action, has been required to incur attorneys' fees and costs. Pursuant to 29 U.S.C. § 1132(g)(1), Luis is entitled to have such fees and costs paid by the defendants.

26. Following the denial of benefits under the Plan, when the Plan, NUFIC, and AIG denied Luis' administrative appeal, Luis' administrative remedies required under ERISA were

deemed exhausted, and Luis has performed all duties and obligations on his part to be performed under the Plan.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against the Plan, NUFIC, and AIG as follows:

a) Payment of the AD&D benefits in the amount of $250,000, or such other amount as is shown at time of trial, or if that is unavailable, then equitable relief by way of a finding of waiver, estoppel or surcharge;

b) Separate and apart from the benefits under the Plan, Luis seeks disgorgement of any profits the Plan, NUFIC, and AIG may have realized by the wrongful retention of such benefits;

c) Enforcement of Luis' rights under the terms of the Plan;

d) Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

e) For payment of prejudgment and post-judgment interest as allowed for under ERISA; and

f) For such other and further relief as this Court deems just and proper.

///

///

///

///

///

///

DATED this 19th day of October, 2018.

        Respectfully submitted,

        */s/* William J. Perry
        William J. Perry
        LA Bar 19100
        Lead Counsel and Trial Attorney
        Interpleader Law, LLC
        9015 Bluebonnet Blvd.
        Baton Rouge, Louisiana 70810
        Phone: (225) 246-8706
        Fax: (888) 200-3530
        Email: william.perry@interpleaderlaw.com

        *Attorney for Luis Lebron*